Hart, J.,
concurring. I concur with reluctance in the opinion and judgment in this case for the reason that the result reached, in my view, does an injustice to the taxing district in which the exempted property is located. The judgment runs counter to the basic principle upon which exemption of public property from taxation is predicated, that it ordinarily avoids the burden of the collection from and of the disbursement to the same taxing district of tax revenues arising from and devoted to the same property.
In the case of Dayton Metropolitan Housing Authority v. Evatt, Tax Commr., 143 Ohio St., 10, 17, 53 N. E. (2d), 896, 152 A. L. R., 223, the writer of this concurring opinion as the writer of the opinion in that case said:
“The philosophy or reason for the tax exemption of public property, as described in the statute, is that inasmuch as it is purchased and maintained by public revenues derived from taxation, its taxation would not inure to any public advantage. In such case, the tax debtor is also the tax creditor. The exemption of such property from taxation avoids the burden of the collection of tax revenues from and their disbursement to the same public entity of tax revenues arising from and devoted to the same property.”
This basic principle of exemption of public property from *615 taxation is wanting where the exempted property is located in a taxing district different from that of the owner, as in the instant case. Here, the exemption takes away public revenues of the taxing district in which the property is located from the support of its schools and governmental functions, including the obligation to furnish police and fire protection to the same property, and shifts the tax burden to other property in the same taxing district without the giving of anything in return.
In the case of Bank of Commerce v. Tennessee, 161 U. S., 134, 146, 40 L. Ed., 645, 16 S. Ct., 456, the court, in the course of the opinion, said:
“Taxes being made the sole means by which sovereignties can maintain their existence, any claim on the part of any one to be exempt from the full payment of his share of taxes on any portion of his property must on that account be clearly defined and founded upon plain language. There must be no doubt or ambiguity in the language used upon which the claim to the exemption is founded.”
However, the statute under consideration in broad terms seems to sustain the exemption in the instant case and must be applied. The problem presented, if there be one, must rest with the legislative authority rather than the courts.
Bell, J., concurs in the foregoing concurring opinion.